UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GARY KREBSBACH,                                   Case No. 24-CV-2241 (PJS/SGE)

          Plaintiff,

v.                                                MEMORANDUM OPINION

STATE FARM FIRE & CASUALTY
COMPANY,

          Defendant.

      Justice Ericson Lindell, GREENSTEIN SELLERS PLLC, for plaintiff.

      Scott G. Williams and Lindsey A. Streicher, HAWKS-KM, P.A., for defendant.

      Plaintiff Gary Krebsbach commenced this action in state court against defendant State Farm Fire & Casualty Company ("State Farm"), alleging that State Farm breached a policy of insurance that it had issued to Krebsbach by failing to indemnify him for hail damage to his home. State Farm removed the action to this Court and filed an answer.

      This matter is before the Court on State Farm's motion for judgment on the pleadings. State Farm argues that Krebsbach failed to effect proper service and therefore the Court lacks personal jurisdiction over the company. Because the policy's two-year limitations period has expired, State Farm seeks dismissal with prejudice. The Court denied State Farm's motion from the bench at the December 20, 2024, hearing, and now summarizes its reasoning.

*A.  Minn. Stat. § 45.028, Subdivision 2*

Krebsbach served State Farm pursuant to Minn. Stat. § 45.028.  Section 45.028 is a "substituted-service statute" that "allows the Commissioner of Commerce to accept service of process for foreign companies."  *Meeker v. IDS Prop. Cas. Ins. Co.*, 862 N.W.2d 43, 45 (Minn. 2015).  Under subdivision 2 of that statute, service entails a three-step process:

1. Sending a copy of the process to the Commissioner by certified mail (or, alternatively, leaving a copy at the Commissioner's office);

2. Sending notice of the service and a copy of the process by certified mail to the defendant at its last known address; and

3. Filing an affidavit of compliance on or before the return day of the process (if any) or within further time as the court allows.

Minn. Stat. § 45.028, subd. 2.

While the second and third steps are necessary to "preserve the effectiveness of the service," service is "made," and therefore the action is commenced, "when a plaintiff sends a copy of the process to the Commissioner of Commerce by certified mail."  *Meeker*, 862 N.W.2d at 47.  Further, because service may be "made" by "sending" the process via certified mail, § 45.028, subd. 2, such service is complete upon mailing.  *See Living Word Christian Ctr. v. Church Mut. Ins. Co.*, No. 21-CV-1976 (SRN/TNL), 2022 WL 1228229, at *2–5 (D. Minn. Apr. 26, 2022) (holding that service under § 45.028 is timely so long as the process is placed in certified mail within the limitations period).

Krebsbach sent a copy of the process by certified mail to the Commissioner on May 15, 2024, within the two-year contractual limitations period. ECF No. 1-1 at 1; ECF No. 17 at 2–4. State Farm does not identify any defect in Krebsbach's compliance with § 45.028, subdivision 2, either in its opening brief or its reply brief. Rather, State Farm argues that Krebsbach was not permitted to use § 45.028 *at all*. The question, then, is whether Krebsbach was allowed to effect service under § 45.028.

### B.  Minn. Stat. § 45.028, Subdivision 1

Subdivision 1 of § 45.028 authorizes a plaintiff to use subdivision 2 to effect substitute service under any of three scenarios:

(a)   Where the plaintiff has pleaded a violation of certain enumerated statutes and the defendant has not consented to service of process;

(b)   Where the plaintiff has pleaded a violation of certain enumerated statutes, and the defendant has filed a consent to service of process; or

(c)   In any case in which service of process is allowed to be made on the Commissioner.

Here, Krebsbach has not pleaded any statutory violation, so subdivisions 1(a) and 1(b) do not apply. Subdivision 1(c) clearly does apply, however. Because State Farm is an out-of-state insurer, Minnesota law requires it to file its consent to service on the Commissioner. *See* Minn. Stat. § 60A.19, subd. 1(3). Further, even if State Farm failed to file its consent with the Commissioner—which seems extraordinarily unlikely—State Farm is nevertheless deemed, by operation of law, to have consented to

service on the Commissioner whenever it transacts insurance business in this state. *See* Minn. Stat. § 60A.21, subd. 2.

State Farm argues that, in order to effect service under § 45.028 on the basis of consent, Krebsbach must actually *plead* that State Farm consented to service. The Court disagrees. Minnesota law requires that a plaintiff *have* a basis for effecting service under § 45.028, but nothing in the relevant statutes or rules requires that the defendant's consent—or the legal authority requiring (or creating) that consent—be *pleaded*.

Putting that aside, Krebsbach *did* plead a basis for effecting service under § 45.028, subd. 1(c). Krebsbach pleaded that (1) State Farm is an Illinois company with its headquarters in Illinois; (2) State Farm is licensed to do business in Minnesota; and (3) the policy at issue in this lawsuit was provided to Krebsbach in Minnesota. Compl. ¶¶ 2, 4. If these allegations are true, then State Farm *necessarily* consented to service on the Commissioner; no other conclusion is possible. *Cf. Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003) ("To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction."); *Norfolk & Dedham Mut. Fire Ins. Co. v. Rogers Mfg. Corp.*, 122 F.4th 312, 315 (8th Cir. 2024) (in reviewing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), courts "accept[] the allegations in the complaint as true and draw[] all reasonable inferences in the nonmoving party's favor").

State Farm cites *Egge v. Depositors Ins. Co.*, No. A07-150, 2007 WL 2703137 (Minn. Ct. App. Sept. 18, 2007), in which the Minnesota Court of Appeals affirmed the dismissal of a complaint for insufficient service of process. In so doing, the Court of Appeals first observed that the plaintiffs had failed to identify which of the enumerated statutes listed in § 45.028 served as a basis for permitting substitute service. *Id.* at *2. The court went on to note that "[t]he record also does not reflect whether or not respondent consented to service on the commissioner." *Id.* The court did not say, however, that the plaintiffs must plead that the respondent had consented. To the contrary, the court noted a defect in the *record*, which implies that there is no such pleading requirement. Moreover, the court did not discuss § 60A.21, which imposes consent by operation of law regardless of whether the insurer is or is not authorized to transact business in Minnesota.

State Farm also cites *J. Moore L.L.C. v. State Farm Fire & Casualty Company*, No. 27-CV-24-9289 (Minn. Dist. Ct. Oct. 28, 2024), a recent decision from Minnesota's Fourth Judicial District, which squarely held that a plaintiff must plead that a foreign insurer consented to service. *See* ECF No. 18-3 at 4. *Moore* relied on *Egge*, as well as on the fact that Minnesota strictly enforces compliance with the requirements of statutes governing service. *See, e.g., Wood v. Martin*, 328 N.W.2d 723, 726 (Minn. 1983).

As noted, though, this Court does not read *Egge* to impose a pleading requirement in cases in which the defendant has consented to service by operation of law (and again, to the extent that any case imposes such a requirement, Krebsbach has met it by pleading the relevant jurisdictional facts). Further, while it is true that a plaintiff must strictly comply with statutory requirements for service, State Farm has not pointed to any statutory language—or any language in either the Minnesota or Federal Rules of Civil Procedure—requiring a plaintiff to *plead* that a defendant has consented to service.

To be sure, when a plaintiff's basis for substitute service is a claim under one of the statutes identified by subdivisions 1(a) and 1(b) of § 45.028, it makes sense to require the plaintiff to identify the particular statute under which the complaint is being brought. Indeed, the question should almost never come up, as if the plaintiff wants to recover for a violation of a statute, the plaintiff must identify that statute in the complaint to plead a viable substantive claim. Here, however, requiring that Krebsbach plead that State Farm consented to service would be nonsensical—as again, based on the facts alleged in Krebsbach's complaint, consent is necessarily imposed as a matter of law. In other words, State Farm is subject to service on the Commissioner regardless of whether it signed some document or otherwise expressly consented.

For the foregoing reasons, the Court denied State Farm's motion for judgment on the pleadings.

Dated:  December 23, 2024

_____
Patrick J. Schiltz, Chief Judge
United States District Court